COPY

ORIGINAL
FILED

2009 APR -3 P 1: 40

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SBA

1  JOSEPH A. WALSH II, CASB NO.143694
   joe.walsh@kyl.com
2  GORDON C. YOUNG, CASB NO.158100
   gordon.young@kyl.com
3  CHRISTOPHER A. STECHER, CASB NO. 215329
   christopher.stecher@kyl.com
4  DAVID A. TONG, CASB NO. 238971
   david.tong@kyl.com
5  KEESAL, YOUNG & LOGAN
   A Professional Corporation
6  450 Pacific Avenue
7  San Francisco, California 94133
   Telephone:    (415) 398-6000
8  Facsimile:    (415) 981-0136

9
   Attorneys for Defendants REGAL STONE LIMITED, FLEET
10 MANAGEMENT LTD., SYNERGY MANAGEMENT
   SERVICES; and SYNERGY MARINE LTD.
11

12             UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA

14 PEOPLE OF THE STATE OF CALIFORNIA ex )  Case No.    CV 09   1469
   rel. DEPARTMENT OF FISH AND GAME;   )
15 PEOPLE OF THE STATE OF CALIFORNIA ex )
   rel. CALIFORNIA REGIONAL WATER      )  NOTICE OF REMOVAL OF CIVIL
16 QUALITY CONTROL BOARD, SAN          )  ACTION TO FEDERAL COURT
   FRANCISCO BAY REGION; AND PEOPLE    )
17 OF THE STATE OF CALIFORNIA ex rel.  )
   STATE LANDS COMMISSION,             )  Complaint Filed:  January 7, 2009
18                                     )  Complaint Served:  March 5, 2009
                        Plaintiff,    )
19                                     )
              vs.                     )  REMOVED FROM:
20                                     )  Superior Court of the State of California, County
   REGAL STONE LTD.; FLEET            )  of San Francisco Civil Case No. CGC-09-483865
21 MANAGEMENT LTD.; HANJIN SHIPPING    )
   CO. LTD.; SYNERGY MANAGEMENT        )
22 SERVICES; SYNERGY MARINE LTD.; JOHN )
   J. COTA, AN INDIVIDUAL; AND DOES 1  )
23 THROUGH 100,                        )
                                      )
24                     Defendants.    )

25

26

27

28

KYL_SF477295

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT — CASE NO. _____

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE PLAINTIFFS AND

2   THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1331, Defendants

4   REGAL STONE LIMITED ("Regal Stone"), FLEET MANAGEMENT LTD. ("Fleet"), SYNERGY

5   MANAGEMENT SERVICES; and SYNERGY MARINE LTD.[1] (collectively the "Removing

6   Defendants") hereby remove the above-captioned action from the Superior Court of the State of

7   California, in and for the County of San Francisco, to the United States District Court, Northern

8   District of California.  The Removing Defendants assert that original federal jurisdiction exists under

9   the Oil Pollution Act of 1990 ("OPA '90") (33 U.S.C. § 2717(b)) as follows:

10

11                          **PROCEDURAL BACKGROUND**

12

13          1.      On January 7, 2009, Plaintiff PEOPLE OF THE STATE OF CALIFORNIA

14   ("California" or the "State"), on behalf of the California Department of Fish and Game; the California

15   Regional Water Quality Control Board, San Francisco Bay Region; and the California State Lands

16   Commission, filed a Complaint (the "Complaint") in the Superior Court of the State of California, in

17   and for the County of San Francisco, Case Number CGC-09-483865 (the "State Court Action").  The

18   State named as defendants the Removing Defendants, HANJIN SHIPPING CO. LTD. ("Hanjin"); and

19   JOHN J. COTA ("Cota").

20          2.      The Complaint alleges eleven causes of action arising out of the M/V COSCO

21   BUSAN (the "Cosco Busan") allision on November 7, 2007, and the subsequent discharge, spill,

22   and/or leaking of oil which occurred as a result of the allision (the "Incident").  *See* Complaint, ¶ 1.

23   The Causes of Action are:

24                  1.   Cost Recovery under the Lempert-Keene-Seastrand Oil Spill Prevention and

25                       Response Act — Government Code § 8670.53;

26                  2.   Damages under Lempert-Keene-Seastrand Act — Government Code

27   ────────────────────────

[1] SYNERGY MANAGEMENT SERVICES; and SYNERGY MARINE LTD. are referred to

28   collectively as "Synergy."

KYL_SF477295

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT — CASE NO. _____

§ 8670.56.5;

3.   Penalties under Lempert-Keene-Seastrand Act — Government Code
§ 8670.66(a)(3);

4.   Penalties Lempert-Keene-Seastrand Act — Government Code § 8670.66(b);

5.   Damages under Fish and Game Code § 2014;

6.   Penalties under Fish and Game Code §§ 5650 and 5650.1;

7.   Damages and Recovery of Costs under Fish and Game Code § 12016;

8.   Natural Resource Damages ("NRDA") under the Federal Oil Pollution Act
of 1990 (33 U.S.C. § 2701, *et seq.*), §§ 1002 and 1006;

9.   Civil Liabilities under Water Code § 13350;

10.  Damages for Trespass under Public Resources Code § 6224.1; and

11.  Damages for Private and Public Nuisance under Civil Code § 3484.

Each of the Causes of Action, *including the State's Eighth Cause of Action under federal law*, arises

out of the Incident.

## TIMELINESS OF REMOVAL

3.   On March 5, 2009, the State served the Removing Defendants with copies of the

Summons, Complaint and related court documents.  A true and correct copy of these documents, along

with the proofs of service, is attached hereto as Exhibit "1."

4.   The Removing Defendants are informed and believe and upon such information

and belief allege that, on March 6, 2009, the State served Hanjin and Cota with copies of the

Summons, Complaint and related court documents.  True and correct copies of the filed proofs of

service on Hanjin and Cota are attached hereto as Exhibits "2" and "3," respectively.

5.   Exhibits "1" "2" and "3" constitute all process, pleadings and orders served in

the State Court Action.

6.   Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), the

Removing Defendants are filing this Removal within 30 days of their first receipt of service of the

KYL_SF477295

1  Summons and Complaint in the State Court Action.

2

3                           **<u>BASIS OF ORIGINAL JURISDICTION</u>**

4

5         7.     The Court has original jurisdiction of this action under OPA '90, a federal law

6  codified, in pertinent part, at 33 U.S.C. § 2717(b).  OPA '90 expressly provides that:

7                      Except as provided in subsections (a) and (c) of this section,

8                      ***the United States district courts shall have exclusive original***

9                      ***jurisdiction over all controversies arising under this Act,***

10                    ***without regard to the citizenship of the parties or the amount***

11                    ***in controversy.***  Venue shall lie in any district in which the

12                    discharge or injury or damages occurred, or in which the

13                    defendant resides, may be found, has its principal office, or has

14                    appointed an agent for service of process.  For the purposes of

15                    this section, the Fund shall reside in the District of Columbia.

16                    (Emphasis added.)

17  33 U.S.C. § 2717(b).

18         8.     The State's Eighth Cause of Action is for Natural Resource Damages under

19  OPA '90 (33 U.S.C. §§ 2701, *et seq.*), §§ 1002 and 1006.  Under OPA '90, only a Responsible Party

20  can be liable to the State for NRDA costs.  *See* 33 USC § 2702(a) & (b)(2)(A).  The United States

21  Coast Guard designated Regal Stone as the Responsible Party for the Cosco Busan oil spill.  None of

22  the other named defendants have been designated as responsible parties.[2]

23  _____

24  [2] The State alleges in its Complaint that Fleet, Synergy, Hanjin and Cota also are responsible parties. *See* Complaint at ¶¶ 68-72.  However, OPA '90 specifically defines a responsible party as any person

25  "owning, operating, or demise chartering the vessel." 33 USC § 2701(32).  In *Green Atlas Shipping SA v. US*, 306 F.Supp.2d 974 (D. Or. 2003), the United States argued that the captain of a vessel was

26  an "operator" of the vessel for the purposes of OPA '90 liability.  The court rejected that argument and found that the term operator did *not* apply to the person at the helm of a ship.  The term is understood

27  in the maritime business as the entity with ultimate responsibility for the vessel's overall operations. In this case, the federal government and the State designated only Regal Stone as the Responsible

28  Party under OPA '90 and state law, respectively.

KYL_SF477295

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT — CASE NO. _____

9.      Accordingly, the State's allegations of a claim against Regal Stone under OPA '90 provide a basis for removal of this action to this Court.

## VENUE

10.     The State filed the State Court Action in California Superior Court in and for the County of San Francisco.  Pursuant to 28 U.S.C. §§ 84, 1441 and 1446(a), venue lies in the district and division in which the State Court action is pending; that is, the United States District Court, Northern District of California.

## JOINDER

11.     As discussed above, only a Responsible Party can be liable to the State under OPA '90 for NRDA.  *See* 33 USC § 2702(a) & (b)(2)(A).  In this matter, Regal Stone is the only entity that has been designated by the federal government as a Responsible Party under OPA '90. Accordingly, the State's Eighth Cause of Action under OPA '90 applies to Regal Stone only.  When a separate and independent claim that is removable under Section 1441(c) is joined with other non-removable claims, only the defendants to the separate and independent claim need seek removal.  *See*, *e.g.*, Charles ALAN WRIGHT & ARTHUR R. MILLER, ET AL., 14C FED. PRAC. & PROC. JURIS.3D § 3731, p.2720 (2008 Pocket Part) (citing cases).

12.     Notwithstanding the foregoing, the other Removing Defendants and the other defendants named in this action — HANJIN SHIPPING CO. LTD. and JOHN J. COTA — consent to this Notice and seek the removal of this action to the United States District Court for the Northern District of California, San Francisco Division.  Hanjin and Cota both have signed Joinders in Notice of Removal of this Action.  Hanjin and Cota's Joinders in Notice of Removal of Action are attached hereto as Exhibits "4" and "5," respectively.

KYL_SF477295

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT — CASE NO. _____

1

## MISCELLANEOUS

2

3        13.    The Removing Defendants will promptly serve a copy of the Notice of Removal

4   on the State's counsel and file with the Clerk of the California Superior Court in San Francisco

5   County a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. section 1446(d).

6

7

## CONCLUSION

8

9        WHEREFORE, the Removing Defendants pray that the State Court Action be removed from

10  the Superior Court of the State of California, in and for the County of San Francisco, to the United

11  States District Court, Northern District of California.

12

13

14  Dated: April __3__, 2009            KEESAL, YOUNG & LOGAN

15                                       *Christopher A. Stecher*

16                                       JOSEPH A. WALSH II
                                         GORDON C. YOUNG
17                                       CHRISTOPHER A. STECHER
                                         DAVID A. TONG

18
                                         Attorneys for Defendants REGAL STONE LIMITED, FLEET
19                                       MANAGEMENT LTD., SYNERGY MANAGEMENT
                                         SERVICES; and SYNERGY MARINE LTD.
20

21

22

23

24

25

26

27

28

- 5 -

KYL_SF477295

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT — CASE NO. _____

*People of the State of California, et al. v. Regal Stone Ltd., et al.*
USDC – Northern District of California Case No. CV 09 1469 SBA

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

# EXHIBIT 1

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
REGAL STONE LTD.; FLEET MANAGEMENT LTD.; HANJIN SHIPPING
CO. LTD.; SYNERGY MANAGEMENT SERVICES; SYNERGY MARINE
LTD.; JOHN J. COTA, AN INDIVIDUAL; AND DOES 1 THROUGH 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PEOPLE OF THE STATE OF CALIFORNIA ex rel. DEPARTMENT OF FISH AND GAME; PEOPLE
OF THE STATE OF CALIFORNIA ex rel. CALIFORNIA REGIONAL WATER QUALITY
CONTROL BOARD, SAN FRANCISCO BAY REGION; AND PEOPLE OF THE STATE OF
CALIFORNIA ex rel. STATE LANDS COMMISSION

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número de caso):*
CGC-09-483865

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin D. Lesh (Bar # 226698)
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102
Phone No.: (415) 703-5607
Fax No.: (415) 703-1234

DATE: JAN - 7 2009      Gordon Park-Li      Clerk, by      P. NATT      Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kevin D. Lesh (State Bar # 226698)
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102
TELEPHONE NO.: (415) 703-5607    FAX NO.: (415) 703-1234
ATTORNEY FOR *(Name):* Plaintiffs

**F I L E D**
Superior Court of California
County of San Francisco

JAN - 7 2009

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME:
People of the State of California ex rel. Dept. of Fish and Game; et al. v. Regal Stone Ltd.; et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | C G C - 0 9 - 4 8 3 8 6 5  JUDGE:  DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[X] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: January 6, 2009

Kevin D. Lesh
(TYPE OR PRINT NAME)

▶ *Kevin D. Lesh*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

ORIGINAL



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

1

EDMUND G. BROWN JR.
Attorney General of the State of California

2

J. MATTHEW RODRIQUEZ
Chief Assistant Attorney General

3

MARY E. HACKENBRACHT
Senior Assistant Attorney General

4

CHRISTIANA TIEDEMANN
ROBERT W. BYRNE

5

Supervising Deputy Attorneys General
KEVIN D. LESH

6

Deputy Attorney General
State Bar No. 226698

7

455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

8

Telephone: (415) 703-5607
Fax: (415) 703-1234

9

Kevin.Lesh@doj.ca.gov

10

Attorneys for Plaintiffs

**SUMMONS ISSUED**
**FILED**
San Francisco County Superior Court

,JAN - 7 2009

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

**P. NATT**

CASE MANAGEMENT CONFERENCE SET

JUN - 12 2009 -9ᵃᵐ AM

DEPARTMENT 212

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

15

PEOPLE OF THE STATE OF CALIFORNIA
*ex rel.* DEPARTMENT OF FISH AND GAME;

16

PEOPLE OF THE STATE OF CALIFORNIA
*ex rel.* CALIFORNIA REGIONAL WATER

17

QUALITY CONTROL BOARD, SAN
FRANCISCO BAY REGION; AND PEOPLE

18

OF THE STATE OF CALIFORNIA *ex rel.*
STATE LANDS COMMISSION,

19

20

Plaintiffs,

21

vs.

22

REGAL STONE LTD.; FLEET
MANAGEMENT LTD.; HANJIN SHIPPING

23

CO. LTD.; SYNERGY MANAGEMENT
SERVICES; SYNERGY MARINE LTD.;

24

JOHN J. COTA, AN INDIVIDUAL; AND
DOES 1 THROUGH 100,

25

Defendants,

Case No. CGC-09-483865

COMPLAINT

[Exempt from filing fees pursuant to
Government Code § 6103]

26

27

28

1   Plaintiffs People of the State of California, *ex relatione* Department of Fish and Game;

2   California Regional Water Quality Control Board, San Francisco Bay Region; and State Lands

3   Commission, allege, upon information and belief, as follows:

## NATURE OF THE ACTION

5   1.   This action is brought in response to the M/V Cosco Busan (LR/IMO Ship No.

6   9231743) ("Cosco Busan" or "the vessel") allision which occurred on November 7, 2007, and

7   the vessel's subsequent discharge, spill, and/or leaking of oil which occurred as a result of said

8   allision ("Cosco Busan oil spill"). The action is brought by the Attorney General on behalf of

9   the People of the State of California, *ex relatione* Department of Fish and Game ("DFG");

10  California Regional Water Quality Control Board, San Francisco Bay Region ("RWQCB"); and

11  State Lands Commission ("SLC"), pursuant to Government Code sections 8670.53, 8670.56.5,

12  subdivision (h), 8670.66, subdivision (a)(3), and 8670.66, subdivision (b); Fish and Game Code

13  sections 2014, 5650, 5650.1, and 12016; the federal Oil Pollution Act of 1990 (OPA) (33 U.S.C.

14  § 2701 *et seq.*), sections 1002 and 1006; Water Code section 13350; Public Resources Code

15  section 6224.1; Civil Code sections 3479 and 3480; and common law theories of negligence.

## JURISDICTION

17  2.   This Court has jurisdiction to hear the claims alleged in this complaint and is a

18  court of competent jurisdiction to grant the relief requested.

## VENUE

20  3.   Venue is proper in the City and County of San Francisco under Government Code

21  section 8670.59, Fish and Game Code section 2014, subdivision (c), and Water Code section

22  13361, subdivision (b), because Defendants engaged in the discharge of oil and related acts that

23  are the basis of this action in San Francisco County. Venue in this Court is also proper under

24  Code of Civil Procedure section 395.5 because, at all relevant times, the Defendants conducted

25  business—and committed several of the disputed acts and omissions giving rise to the liabilities

26  and obligations alleged herein—in the City and County of San Francisco.

27  ///

28

## PARTIES

4.     Plaintiff DFG is a state agency and is the trustee, on behalf of the people of the State of California, for fish, wildlife, and their habitats.  As such, DFG and its Office of Spill Prevention and Response ("OSPR") is responsible for protecting fish, wildlife, plant species, animal and plant habitats, and natural communities, for their intrinsic and ecological value and their benefits to people.  In fulfilling its duty to protect and maintain animals and plants and their habitats in a sufficient amount and quality to ensure the survival of all species and natural communities, DFG must vigilantly enforce designated provisions of state and federal laws, including the California Fish and Game Code, the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act ("Lempert-Keene-Seastrand Act") (California Government Code § 8670.1 *et seq.*), and OPA.  In this action, DFG seeks:  penalties for the unlawful deposit of petroleum products into waters of the State, pursuant to Fish and Game Code section 5650.1; natural resource damages and penalties for the intentional or negligent unauthorized discharge of oil into marine waters and for the intentional or negligent violation of a permit, standard, or requirement, pursuant to Government Code sections 8670.66, subdivision (a)(3), and 8670.66, subdivision (b); all costs and expenditures that were made from the Oil Spill Response Trust Fund for an oil spill into marine waters, under 8670.53; and response costs and natural resource damages under Government Code section 8670.56.5, subdivision (h), and Fish and Game Code sections 2014 and 12016.  Also, since DFG serves as a state trustee for natural resources under OPA section 1006, subdivision (b), (33 U.S.C. § 2706(b)), DFG seeks natural resource damages under OPA sections 1002 and 1006.

5.     Plaintiff RWQCB is the state agency that is responsible for protecting the quality of the waters of California and enforcing the Porter-Cologne Water Pollution Control Act, (Water Code § 13000 *et seq.*) within the San Francisco Bay region.  In this action, RWQCB seeks penalties for damage to the waters of California under Water Code section 13350.

6.     Plaintiff SLC is the state agency that serves as trustee, on behalf of the people of the State of California, for state sovereign lands, including all ungranted tidelands and submerged lands.  Under Public Resources Code sections 6216 and 6301, SLC is responsible for

1  administering and managing, *inter alia*, all ungranted tidelands and submerged lands—and

2  interests in such lands—which are held in trust for the benefit of the People of California. In

3  addition, SLC is vested with all residual jurisdiction, authority, and reversionary trust ownership

4  concerning tidelands which have been granted by the Legislature in trust to another

5  governmental subdivision. In this action, SLC seeks damages for trespass on lands under its

6  jurisdiction, under Public Resources Code section 6224.1; and damages for nuisance, under Civil

7  Code sections 3479 and 3480.

8       7.       At all times relevant to this Complaint, Defendant Regal Stone Ltd. ("Regal

9  Stone") was a foreign corporation, or similar entity, that was—and is believed to still be—based

10  in Hong Kong; that owned, operated, controlled, managed, directed, and/or chartered the Cosco

11  Busan; and that conducted business in and around the City and County of San Francisco and

12  other areas affected by the Cosco Busan oil spill.

13       8.       At all times relevant to this Complaint, Defendant Fleet Management Ltd. ("Fleet

14  Management") was a foreign corporation, or similar entity, that is believed to have been—and is

15  believed to still be—based in Hong Kong; that owned, operated, controlled, managed, directed,

16  leased, and/or chartered the Cosco Busan; and that conducted business in and around the City

17  and County of San Francisco and other areas affected by the Cosco Busan oil spill.

18       9.       At all times relevant to this Complaint, Defendant Hanjin Shipping Co. Ltd.

19  ("Hanjin Shipping") was a foreign corporation, or similar entity, that is believed to have been—

20  and is believed to still be—based in South Korea; that owned the oil spilled by the Cosco Busan;

21  that operated, controlled, managed, directed, leased, and/or chartered the Cosco Busan; and that

22  conducted business in and around San Francisco and other areas affected by the Cosco Busan oil

23  spill.

24       10.      At all times relevant to this Complaint, Defendant Synergy Management Services

25  was a foreign corporation, or similar entity, that was—and is believed to still be—based in the

26  Republic of Cyprus; that owned, operated, controlled, managed, directed, and/or chartered the

27  Cosco Busan; and that conducted business in and around the City and County of San Francisco

28  and other areas affected by the Cosco Busan oil spill.

11.     At all times relevant to this Complaint, Defendant Synergy Marine Ltd. was a foreign corporation, or similar entity, that was—and is believed to still be—based in the Republic of Cyprus; that owned, operated, controlled, managed, directed, and/or chartered the Cosco Busan; and that conducted business in and around the City and County of San Francisco and other areas affected by the Cosco Busan oil spill.

12.     At all times relevant to this Complaint, Defendant John J. Cota ("John Cota" or "Cota") is an individual who was—and is believed to still be—a resident of the State of California; and who was piloting the Cosco Busan during the subject oil spill and related events that are the basis of this action.

13.     The true names and capacities—whether corporate, individual, or otherwise—of Doe 1 through Doe 100 are unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names, and who will seek leave of this Court to amend this Complaint in order to indicate the true names and capacities of such Defendants when ascertained.

14.     At all times relevant to this Complaint, each Defendant was the agent of—and was acting at the direction of and/or with the permission and consent of—the other Defendants. In performing or failing to perform the acts that form the basis of this action, each Defendant was acting within the normal course and scope of its/his agency for or through the other Defendants, and thus is liable for the torts, breaches, violations, and other wrongs of the other Defendants.

## FACTS

15.     On the morning of November 7, 2007, the crew that had been chosen by Defendants Regal Stone, Fleet Management, Hanjin Shipping, Synergy Management Services, and/or Synergy Marine Ltd. to operate the Cosco Busan (hereinafter "Defendants' crew" or "the crew"), and Defendant John Cota, boarded the vessel at its berth in Oakland, California, in preparation for piloting the vessel from Oakland, through the waters of San Francisco Bay (hereinafter "Bay"), to a pilot station located offshore of San Francisco, at which point Defendant Cota was to exit the Cosco Busan and board another boat, and the Cosco Busan was to continue on its planned route to South Korea.

16.    On that same morning, Defendants' crew and Defendant Cota navigated the Cosco Busan from its Oakland berth into the waters of San Francisco Bay.

17.    On that same morning, at or about 8:30 a.m., the Cosco Busan allided with the San Francisco-Oakland Bay Bridge (hereinafter "Bay Bridge"), specifically the Bridge's support tower known as the Delta Tower.

18.    The aforementioned allision damaged both the vessel and the Bay Bridge.

19.    Among the damage to the vessel was a large gash in the vessel's hull and tanks, which caused a substantial amount of the oil in the vessel's bunker tanks to be discharged into and throughout the Bay and adjoining waters such as the Pacific Ocean, and on to the animals, plants, shorelines, coastlines, islands, other natural resources and features, and manmade resources and property, located in and around the Bay, the Pacific Ocean, and adjoining waters, thereby resulting in severe harm to said areas and resources.

20.    The aforementioned oil spill and resultant harms were directly and proximately caused by, *inter alia*, the acts, omissions, strict liability, fault, negligence, breach, and violations by Defendants and/or their agents, charges, or representatives, in regard to applicable California laws, regulations, and common law, and OPA.

21.    At all times relevant to this Complaint, Defendants were responsible for the operation and navigation of the Cosco Busan.

22.    In executing their respective duties and responsibilities to respond to the Cosco Busan oil spill, Plaintiffs have incurred—and will continue to incur—significant damages and costs.

23.    The ultimate amount of damages incurred by Plaintiffs as a result of the Cosco Busan oil spill is not yet ascertainable and shall be established according to the proof presented at the trial of this matter.

## FIRST CAUSE OF ACTION
### (Cost Recovery Under Lempert-Keene-Seastrand Oil Spill Prevention and Response Act— Government Code § 8670.53)

24.    Plaintiff DFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

25.   The waters of the San Francisco Bay and the Pacific Ocean constitute "marine waters" under Government Code section 8670.3, subdivision (i), which defines "marine waters" as "those waters subject to tidal influence...."

26.   The oil that was discharged into the San Francisco Bay and Pacific Ocean by the Cosco Busan constitutes "oil" under Government Code section 8670.3, subdivision (n), which defines "oil" as "any kind of petroleum, liquid hydrocarbons, or petroleum products or any fraction or residues therefrom...."

27.   The aforementioned unauthorized discharge from the Cosco Busan, which consisted of at least 53,000 gallons of oil, constituted a "spill" or "discharge" under Government Code section 8670.3, subdivision (aa), which defines a "spill" or "discharge" as "any release of at least...42 gallons...of oil into marine waters that is not authorized by any federal, state, or local government entity."

28.   The Cosco Busan constitutes a "vessel" under Government Code section 8670.3, subdivision (ag), which defines a "vessel" as "any watercraft or ship of any kind, including every structure adapted to be navigated from place to place for the transportation of merchandise or persons."

29.   The Cosco Busan constitutes a "nontank vessel" under Government Code section 8670.3, subdivision (m), which defines a "nontank vessel" as "a vessel of 300 gross tons or greater that carries oil, but does not carry that oil as cargo."

30.   Each of the Defendants constitute a "responsible party" under Government Code section 8670.3, subdivision (w), which defines "responsible party" as "(1) [t]he owner or transporter of oil or a person or entity accepting responsibility for the oil[, or] (2) [t]he owner, operator, or lessee of, or person who charters by demise, any vessel or marine facility, or a person or entity accepting responsibility for the vessel or marine facility."

31.   The discharge or spill from the Cosco Busan into the San Francisco Bay and Pacific Ocean constitutes a "discharge of oil into or onto marine waters" under Government Code section 8670.3, subdivisions (i), (n), and (aa).

32.     As a result of the oil spill from the Cosco Busan into the San Francisco Bay and Pacific Ocean, Plaintiffs have made expenditures from the Oil Spill Response Trust Fund and are thus entitled to recover from Defendants all such expenditures, under Government Code section 8670.53, which provides, in pertinent part, "The Attorney General, in consultation with the administrator [for oil spill response, i.e., a chief deputy director of DFG], shall undertake actions to recover all costs to the [Oil Spill Response Trust Fund] from any responsible party for an oil spill into marine waters for which expenditures are made from the fund."

33.     By virtue of the acts and omissions alleged in this Complaint, Defendants are jointly and severally liable and/or vicariously liable for each other's acts and omissions, and consequently for the aforementioned costs under Government Code section 8670.53.

## SECOND CAUSE OF ACTION
### (Damages Under Lempert-Keene-Seastrand Oil Spill Prevention and Response Act— Government Code § 8670.56.5)

34.     Plaintiff DFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

35.     DFG has incurred costs and damages, including damages for injuries to the natural resources under its trusteeship, as a result of the discharge and/or leaking of oil from the Cosco Busan into or onto marine waters.

36.     Defendants are absolutely liable under Government Code section 8670.56.5, subdivisions (a), (f), & (h), without regard to fault, for all damages resulting from the discharge or spill of oil from the Cosco Busan, including but not limited to:  all costs of response, containment, cleanup, removal, and treatment; injury to, or economic losses resulting from destruction of or injury to, real or personal property; injury to, destruction of or loss of, natural resources; loss of use and enjoyment of natural resources, public beaches, and other public resources or facilities; and all costs of the suit, costs of expert witnesses, and attorneys' fees.

37.     By virtue of the acts and omissions alleged in this Complaint, Defendants are jointly and severally liable and/or vicariously liable for each other's acts and omissions, and consequently for the aforementioned damages under Government Code section 8670.56.5.

### THIRD CAUSE OF ACTION
**(Penalties Under Lempert-Keene-Seastrand Oil Spill Prevention and Response Act—
Government Code § 8670.66(a)(3))**

38.     Plaintiff DFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

39.     By virtue of the acts and omissions alleged in this Complaint, Defendants acted intentionally or negligently, resulting in the unauthorized discharge or spill of oil from the Cosco Busan into or onto marine waters.

40.     Defendants are liable for penalties under Government Code section 8670.66, subdivision (a)(3), which provides that "Any person who intentionally or negligently does any of the following acts shall be subject to a civil penalty of not less than…$25,000…or more than…$500,000…for each violation, and each day or partial day that a violation occurs is a separate violation:  (3) [d]ischarges or spills oil into marine waters, unless the discharge is authorized by the United States, the state, or other agency with appropriate jurisdiction."

41.     By virtue of the acts and omissions alleged in this Complaint, Defendants are jointly and severally liable and/or vicariously liable for each other's acts and omissions, and consequently for the aforementioned penalties under Government Code section 8670.66, subdivision (a)(3).

### FOURTH CAUSE OF ACTION
**(Penalties Under Lempert-Keene-Seastrand Oil Spill Prevention and Response Act—
Government Code § 8670.66(b))**

42.     Plaintiff DFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

43.     By virtue of the acts and omissions alleged in this Complaint, Defendants acted intentionally or negligently, resulting in the unauthorized discharge or spill of oil from the Cosco Busan into or onto marine waters, and thereby constituting violations of various provisions of the Lempert-Keene-Seastrand Act, including Government Code section 8670.56.5 and section 8670.66, subdivision (a)(3).

 

44.     Defendants are liable for penalties under Government Code section 8670.66, subdivision (b), which provides, in pertinent part, that "[A]ny person who intentionally or negligently violates any provision of [the Lempert-Keene-Seastrand Act], or any permit, rule, regulation, standard, or requirement issued or adopted pursuant to those provisions, shall be liable for a civil penalty not to exceed...$250,000...for each violation of a separate provision, or, for continuing violations, for each day that violation continues."

45.     By virtue of the acts and omissions alleged in this Complaint, Defendants are jointly and severally liable and/or vicariously liable for each other's acts and omissions, and consequently for the aforementioned penalties under Government Code section 8670.66, subdivision (b).

## FIFTH CAUSE OF ACTION
### (Damages Under Fish and Game Code § 2014)

46.     Plaintiff DFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

47.     By virtue of the acts and omissions alleged in this Complaint, resulting in the Defendants' spill, discharge, and/or leakage of oil from the Cosco Busan into the San Francisco Bay and other waters of the state, Defendants have caused—and will continue to cause—the unlawful and/or negligent taking and/or destruction of thousands of animals that are protected by the State of California, under Fish and Game Code section 2014.

48.     Defendants' spill, discharge, and/or leakage of oil is unlawful in that:

a.     The oil is a waste that was discharged into the waters of the state and thereby created a condition of pollution and/or nuisance, in violation of Water Code section 13350, subdivision (a).

b.     The oil is a substance or material that is deleterious to fish, mammals, bird life, and/or plant life and was deposited in, permitted to pass into, or placed where it could pass into a water of the state, in violation of Fish and Game Code section 5650.

c.     By virtue of the acts and omissions alleged in this Complaint, Defendants unlawfully and/or negligently spilled, discharged, and/or leaked oil, which proximately caused—

 

1  and will continue to cause—the taking and/or destruction of thousands of birds, mammals, fish,

2  reptiles, and/or amphibians that are protected by the State of California.

3          d.     Defendants are jointly and severally liable under Fish and Game Code

4  section 2014 for all of the detriment proximately caused by the taking or destruction of said

5  animals that are protected by the State of California.

6          49.    Defendants are liable for civil damages in an amount necessary to compensate for

7  all of the detriment that has proximately resulted—and will continue to result—from the

8  destruction of the protected birds, mammals, fish, reptiles, and/or amphibians, under Fish and

9  Game Code section 2014, subdivisions (a) & (b).

10          50.    By virtue of the acts and omissions alleged in this Complaint, Defendants are

11  jointly and severally liable and/or vicariously liable for each other's acts and omissions, and

12  consequently for the aforementioned damages under Fish and Game Code section 2014.

13
14  

**SIXTH CAUSE OF ACTION**
**(Penalties Under Fish and Game Code §§ 5650 and 5650.1)**

15          51.    Plaintiff DFG refers to and incorporates by reference as though fully set forth

16  herein each and every foregoing paragraph of this Complaint.

17          52.    By virtue of the acts and omissions alleged in this Complaint, resulting in the

18  Defendants' spill, discharge, and/or leakage of at least 53,000 gallons of oil from the Cosco

19  Busan into the San Francisco Bay and other state waters, Defendants have violated Fish and

20  Game Code section 5650, subdivision (a), which provides, in pertinent part, "[I]t is unlawful to

21  deposit in, permit to pass into, or place where it can pass into the waters of the state…[a]ny

22  petroleum,…or residuary product of petroleum, or carbonaceous material or substance[,

23  or]…[a]ny substance or material deleterious to fish, plant life, mammals, or bird life."

24          53.    Under Fish and Game Code section 5650.1, Defendants are liable for civil

25  penalties in an amount of up to $25,000 for each act or omission which constitutes a depositing

26  or placing of oil where it can pass into the waters of the San Francisco Bay or other state waters.

27          54.    By virtue of the acts and omissions alleged in this Complaint, Defendants are

28  jointly and severally liable and/or vicariously liable for each other's acts and omissions, and

11
COMPLAINT

1    consequently for the aforementioned penalties under Fish and Game Code sections 5650 and

2    5650.1.

3                           **SEVENTH CAUSE OF ACTION**

4            **(Damages and Recovery of Costs Under Fish and Game Code § 12016)**

5            55.    ·  Plaintiff DFG refers to and incorporates by reference as though fully set forth

6    herein each and every foregoing paragraph of this Complaint.

7            56.    By virtue of the acts and omissions alleged in this Complaint, culminating in the

8    Defendants discharging and/or depositing at least 53,000 gallons of oil in the San Francisco Bay

9    and other state waters, which has destroyed or injured several thousands of animals and plants

10   and their habitats in those waters and has caused DFG to incur substantial costs in cleaning up

11   said oil from state waters and abating the effects of the oil, Defendants have violated Fish and

12   Game Code section 12016, subdivision (a), which provides, "In addition to any other provision

13   of law, any person who discharges or deposits any substance or material deleterious to fish,

14   plant, bird, or animal life or their habitat into, or which threatens to enter, the waters of this state

15   is liable civilly to [DFG] for all actual damages to fish, plant, bird, or animal life or their habitat

16   and, in addition, for the reasonable costs incurred in cleaning up the deleterious substance or

17   material or abating its effects, or both."

18           57.    Oil is a "substance deleterious to fish, plant, bird, or animal life or their habitat,"

19   within the meaning of Fish and Game Code section 12016, subdivision (a).

20           58.    The oil that has been deposited and/or discharged by Defendants has caused

21   damage to the fish, plant, bird, and/or animal life and their habitats in state waters.

22           59.    Under Fish and Game Code section 12016, subdivision (a), Defendants are liable

23   to DFG for all actual damages to fish, plant, bird, or animal life or their habitat.

24           60.    Under Fish and Game Code section 12016, subdivision (a), Defendants are liable

25   to DFG for all past and future reasonable costs incurred by DFG in cleaning up the oil and

26   abating its effects.

27           61.    By virtue of the acts and omissions alleged in this Complaint, Defendants are

28   jointly and severally liable and/or vicariously liable for each other's acts and omissions, and

                                          12
                                      COMPLAINT

1  consequently for the aforementioned damages and costs under Fish and Game Code section

2  12016.

3  **EIGHTH CAUSE OF ACTION**

**(Natural Resource Damages Under Federal Oil Pollution Act of 1990, §§ 1002 & 1006)**

4

5       62.    Plaintiff DFG refers to and incorporates by reference as though fully set forth

6  herein each and every foregoing paragraph of this Complaint.

7       63.    The Cosco Busan constitutes a "vessel" under OPA section 1001(37) (33 U.S.C. §

8  2701(37)), which defines "vessel" as "every description of watercraft or other artificial

9  contrivance used, or capable of being used, as a means of transportation on water, other than a

10  public vessel."

11       64.    The spill, discharge, and/or leakage of oil from the Cosco Busan  constitutes a

12  "discharge" under OPA section 1001(7) (33 U.S.C. § 2701(7)), which defines "discharge" as

13  "any emission (other than natural seepage), intentional or unintentional, and includes, but is not

14  limited to, spilling, leaking, pumping, pouring, emitting, emptying, or dumping."

15       65.    The oil discharged by the Cosco Busan constitutes "oil" under OPA section

16  1001(23) (33 U.S.C. § 2701(23)), which defines "oil" as "oil of any kind or in any form,

17  including petroleum, fuel oil, sludge, oil refuse, and oil mixed with wastes other than dredged

18  spoil...."

19       66.    The waters of the San Francisco Bay and the Pacific Ocean constitute "navigable

20  waters" under OPA section 1001(21) (33 U.S.C. § 2701(21)), which defines "navigable waters"

21  as "the waters of the United States, including the territorial sea."

22       67.    Defendant Regal Stone constitutes a "responsible party" under OPA section

23  1001(32)(A) (33 U.S.C. § 2701(32)(A)), which defines "responsible party" as, in pertinent part,

24  "In the case of a vessel, any person owning, operating, or demise chartering the vessel."

25       68.    Defendant Fleet Management constitutes a "responsible party" under OPA section

26  1001(32)(A) (33 U.S.C. § 2701(32)(A)), which defines "responsible party" as, in pertinent part,

27  "In the case of a vessel, any person owning, operating, or demise chartering the vessel."

28

 

69.     Defendant Hanjin Shipping constitutes a "responsible party" under OPA section 1001(32)(A) (33 U.S.C. § 2701(32)(A)), which defines "responsible party" as, in pertinent part, "In the case of a vessel, any person owning, operating, or demise chartering the vessel."

70.     Defendant John Cota constitutes a "responsible party" under OPA section 1001(32)(A) (33 U.S.C. § 2701(32)(A)), which defines "responsible party" as, in pertinent part, "In the case of a vessel, any person owning, operating, or demise chartering the vessel."

71.     Defendant Synergy Management Services constitutes a "responsible party" under OPA section 1001(32)(A) (33 U.S.C. § 2701(32)(A)), which defines "responsible party" as, in pertinent part, "In the case of a vessel, any person owning, operating, or demise chartering the vessel."

72.     Defendant Synergy Marine Ltd. constitutes a "responsible party" under OPA section 1001(32)(A) (33 U.S.C. § 2701(32)(A)), which defines "responsible party" as, in pertinent part, "In the case of a vessel, any person owning, operating, or demise chartering the vessel."

73.     By virtue of the acts and omissions alleged in this Complaint, culminating in the Cosco Busan discharging at least 53,000 gallons of oil in the San Francisco Bay and other state waters, Defendants have caused injury to, destruction of, loss of, and/or loss of use of "natural resources" under OPA section 1001(20) (33 U.S.C. § 2701(20)), which defines "natural resources" as "land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States (including the resources of the exclusive economic zone), any State or local government or Indian tribe, or any foreign government."

74.     Under OPA section 1006(b) (33 U.S.C. § 2706(b)), state governments designate state and/or local officials to act as trustee for natural resources under OPA. For purposes of OPA section 1006(b) (33 U.S.C. § 2706(b)), the trustee that has been designated by the Governor of the State of California is the Secretary of Resources, who delegated his trustee authority to DFG for resources within DFG's purview. DFG is a trustee for fish, wildlife, and their habitats, under Fish and Game Code section 1802.

75. The natural resources injured, destroyed, and/or lost as a result of the Cosco Busan incident are held in trust by California's designated state trustee, within the meaning of OPA section 1006(b) (33 U.S.C. § 2706(b)).

76. Under OPA sections 1002(a)-(b) (33 U.S.C. § 2702(a)-(b)), and OPA section 1006(a) (33 U.S.C. § 2706(a)), Defendants are responsible for a vessel (the Cosco Busan) from which oil was discharged into or upon the navigable waters or adjoining shorelines of the San Francisco Bay and adjacent waters, and Defendants are thus strictly liable to the State of California for the resulting damages, including, but not limited to, damages for injury to, destruction of, loss of, and loss of use of natural resources, and the reasonable costs of assessing such damage.

77. By virtue of the acts and omissions alleged in this Complaint, Defendants are jointly and severally liable and/or vicariously liable for each other's acts and omissions, and consequently for the aforementioned damages under OPA sections 1002 and 1006.

**NINTH CAUSE OF ACTION**
**(Civil Liabilities under Water Code § 13350)**

78. Plaintiff RWQCB refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

79. By virtue of the acts and omissions alleged in this Complaint, culminating in the Defendants discharging and/or depositing at least 53,000 gallons of oil and/or residuary products of petroleum in the San Francisco Bay and other state waters, Defendants have violated Water Code section 13350, subdivision (a), which provides, in pertinent part, "Any person who… causes or permits any oil or any residuary product of petroleum to be deposited in or on any of the waters of the state, except in accordance with waste discharge requirements or other actions or provisions of [Division 7 of the Water Code], shall be liable civilly, and remedies may be proposed, in accordance with [Water Code § 13350](d)…."

80. Water Code section 13350, subdivision (d), provides, "The court may impose civil liability either on a daily basis or on a per gallon basis, but not both. … The civil liability on a per gallon basis may not exceed twenty dollars ($20) for each gallon…discharged."

81.     For purposes of Water Code section 13350, each and every defendant constitutes a "person," which is defined by Water Code section 19 as "any person, firm, association, organization, partnership, business trust, corporation, limited liability company, or company."

82.     For purposes of Water Code section 13350, the San Francisco Bay and other waters affected by the Cosco Busan incident constitute "waters of the state," which is defined by Water Code section 13050, subdivision (e) as "any surface water or groundwater, including saline waters, within the boundaries of the state."

83.     Defendants' act or omission in causing or permitting oil and/or residuary products of petroleum from the Cosco Busan to be deposited in or on the San Francisco Bay and adjoining waters of the state was not in accordance with any waste discharge requirements or other actions or provisions of Division 7 of the Water Code.

84.     On or about April 9, 2008, after providing due notice and complying with all applicable law, Plaintiff RWQCB held a public hearing to consider authorizing the California Attorney General to seek civil penalties and other appropriate remedies judicially.  After considering the testimony and evidence offered at the April 9, 2008, public hearing and in the record, Plaintiff RWQCB adopted Resolution No. R2-2008-0023, authorizing the Attorney General to seek, *inter alia*, judicially imposed civil penalties under applicable sections of the Water Code.

85.     Under Water Code section 13350, subdivision (g), "The Attorney General, upon request of a regional board or the state board, shall petition the superior court to impose, assess, and recover such sums [prescribed in Water Code section 13350]."

86.     Plaintiff RWQCB is informed and believes, and based thereon alleges, that the estimated amount of oil and/or residuary products of petroleum from the Cosco Busan that Defendants caused or permitted to be deposited in or on the San Francisco Bay and adjoining waters of the state is 53,569 gallons.

87.     Pursuant to Water Code section 13350, Defendants are liable for civil liabilities, calculated on a per gallon basis, in an amount of up to $1,071,380, or $20 for each of the 53,569 gallons of oil and/or residuary products of petroleum that Defendants caused or permitted to be

1  deposited in or on the San Francisco Bay and adjoining waters of the state.

2      88.    Pursuant to Water Code section 13350, subdivision (j), all civil liabilities assessed

3  under Water Code section 13350 "are in addition to, and do not supersede or limit, any and all

4  other remedies, civil or criminal...."

5      89.    By virtue of the acts and omissions alleged in this Complaint, Defendants are

6  strictly liable to Plaintiff RWQCB for all remedies prescribed by Water Code section 13350,

7  including the aforementioned civil liabilities.

8      90.    By virtue of the acts and omissions alleged in this Complaint, Defendants are

9  jointly and severally liable and/or vicariously liable for each other's acts and omissions, and

10  consequently for the aforementioned civil liabilities under Water Code section 13350.

11                   **TENTH CAUSE OF ACTION**

12      **(Damages for Trespass Under Public Resources Code § 6224.1)**

13      91.    Plaintiff SLC refers to and incorporates by reference as though fully set forth

14  herein each and every foregoing paragraph of this Complaint.

15      92.    Plaintiff SLC is the trustee for state sovereign lands, including all ungranted

16  tidelands and submerged lands. Under Public Resources Code sections 6216 and 6301, SLC is

17  responsible for administering and managing, *inter alia*, all ungranted tidelands and submerged

18  lands—and interests in such lands—which are held in trust for the benefit of the People of

19  California. In addition, SLC is vested with all residual jurisdiction, authority, and reversionary

20  trust ownership concerning tidelands which have been granted by the Legislature in trust to

21  another governmental subdivision.

22      93.    Beginning on November 7, 2007, and continuing thereafter to the present time,

23  Defendants, without lawful authority, trespassed on lands owned or controlled by the state and

24  under the jurisdiction of SLC, including but not limited to tidelands and submerged lands in and

25  around San Francisco Bay and adjacent waters, by: (1) causing oil to be spilled, discharged,

26  and/or leaked into and upon such lands; (2) failing to prevent migration of the spilled oil to such

27  lands; and (3) failing to remove the spilled oil from such lands.

28

 

94.     By virtue of the acts and omissions alleged in this Complaint, culminating in the Defendants discharging and/or depositing at least 53,000 gallons of oil into and upon state waters and lands, Defendants have violated Public Resources Code section 6224.1, which provides, in pertinent part, "Any person who trespasses upon any lands owned or controlled by the state and under the jurisdiction of [SLC], including, but not limited to, tidelands, submerged lands,... bays, estuaries, inlets, or ... swamp and overflowed lands, without lawful authority, is liable to the state for the amount of damages which may be assessed therefor, in any civil action, in any court having jurisdiction."

95.     Defendants' trespass has caused—and continues to cause—injuries to the state's property in an amount to be determined, in excess of the jurisdictional limit of this Court.

96.     By virtue of the acts and omissions alleged in this Complaint, Defendants are jointly and severally liable and/or vicariously liable for each other's acts and omissions, and consequently for the aforementioned damages under Public Resources Code section 6224.1.

### ELEVENTH CAUSE OF ACTION
**(Damages for Private and Public Nuisance Under Civil Code § 3484)**

97.     Plaintiffs DFG and SLC refer to and incorporate by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

98.     Beginning on November 7, 2007, and continuing thereafter to the present time, Defendants, without lawful authority, discharged and/or deposited at least 53,000 gallons of oil into and upon waters under the jurisdiction of DFG—including the fish, wildlife, plant species, animal and plant habitats, and natural communities located therein—and lands owned or controlled by the state and under the jurisdiction of SLC—including but not limited to tidelands and submerged lands in and around San Francisco Bay and adjacent waters and public parks.

99.     By virtue of the acts and omissions alleged in this Complaint, Defendants have injured—and continue to injure—the state's and its people's health, senses, use, and enjoyment associated with the aforementioned state waters and lands affected by the Defendants' conduct, thereby creating and maintaining a private nuisance under Civil Code § 3479, which defines "nuisance" as "Anything which is injurious to health, including, but not limited to...an

 

obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway."

100.   By virtue of the acts and omissions alleged in this Complaint, Defendants have substantially and unreasonably interfered with—and continue to so interfere with—not only the waters and land of nearly every community along the San Francisco Bay but also the residents' use and enjoyment of the land in their communities, thereby creating and maintaining a public nuisance under Civil Code section 3480, which defines a "public nuisance" as "one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

101.   Defendants' creation and maintenance of a private nuisance and/or public nuisance have actually and proximately caused—and continue to so cause—injuries to the state's property and to DFG and SLC in an amount to be determined, in excess of the jurisdictional limit of this Court.

102.   As a result of the foregoing facts, the State of California, the People of the State, DFG, and/or SLC are entitled to, *inter alia*, damages from Defendants (regardless of any abatement of the aforementioned nuisances), pursuant to Civil Code section 3484, which provides, "The abatement of a nuisance does not prejudice the right of any person to recover damages for its past existence."

103.   By virtue of the acts and omissions alleged in this Complaint, Defendants are jointly and severally liable and/or vicariously liable for each other's acts and omissions, and consequently for the aforementioned damages under Civil Code section 3484.

*///*



## PRAYER FOR RELIEF

Wherefore, Plaintiffs, by and through the Attorney General, pray for judgment against Defendants, jointly and severally, as follows:

1.     Judgment in favor of the Plaintiffs on each Cause of Action in this Complaint;

2.     Past, present, and future penalties, damages, costs, and liabilities pursuant to each Cause of Action in this Complaint, and according to proof;

3.     All costs of investigating and prosecuting this action, including attorney's fees, costs, and expert fees, pursuant to Code of Civil Procedure section 1021.8, Government Code section 8670.56.5(f), and any similar applicable provisions; and

4.     Such other relief as the Court deems just and proper.


Dated:  January 6, 2009

                              Respectfully submitted,


                              KEVIN D. LESH
                              Deputy Attorney General

             FOR    EDMUND G. BROWN JR.
                              Attorney General of the State of California

                              Attorneys for Plaintiffs

20
COMPLAINT

 

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| **OFFICE OF THE CALIFORNIA ATTORNEY GENERAL** Kevin D. Lesh (SBN 226698) 455 Golden Gate Ave., Suite 11000 San Francisco, CA 94102 TELEPHONE NO.: **(415) 703-5607**   FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: **People of the State of California** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Francisco**
STREET ADDRESS: **400 McCallister Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Francisco, CA 94102**
BRANCH NAME:

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | **CGC 08-483865** |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: **625188** |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Related Case, Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*

   Regal Stone Ltd.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Joe Walsh, Esq., Counsel, Authorized to Accept Service of Process

4. Address where the party was served:
   450 Pacific Ave., San Francisco, CA 94133

5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3/5/09   (2) at *(time):* 4:40 p.m.
   b. [ ] by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 American LegalNet, Inc. www.FormsWorkflow.com |
|---|---|---|

ORIGINAL

 

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | CGC 08-483865 |

5.  c.  ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐ as an individual defendant.
  b.  ☐ as the person sued under the fictitious name of *(specify):*
  c.  ☐ as occupant.
  d.  ☑ On behalf of *(specify):*  Regal Stone Ltd.
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                               ☐ other:

7.  **Person who served papers**
  a.  Name:  Marty Gish c/o Ace Messenger and Attorney Service, Inc.
  b.  Address:  149 Ninth Street, Ste. #204, San Francisco, CA 94103
  c.  Telephone number:  (415) 556-1000
  d.  The fee for service was: $
  e.  I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
        (i) ☐ owner  ☐ employee  ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  March 6, 2009

Marty Gish
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Marty Gish*
_____
(SIGNATURE )

POS-010

ORIGINAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| OFFICE OF THE CALIFORNIA ATTORNEY GENERAL<br>Kevin D. Lesh (SBN 226698)<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br>TELEPHONE NO: (415) 703-5607    FAX NO: *(Optional)*<br>E-MAIL ADDRESS *(Optional)*<br>ATTORNEY FOR *(Name)*  People of the State of California | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:  400 McCallister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER:<br>CGC 08-483865 |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No or File No :<br>625206 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Related Case, Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
   **Fleet Management Ltd.**

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Joe Walsh, Esq., Counsel, Authorized to Accept Service of Process

4. Address where the party was served:
   450 Pacific Ave., San Francisco, CA 94133

5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3/5/09     (2) at *(time):*  4:40 p.m.
   b. [ ] by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|



| | |
|---|---|
| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER |
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | CGC 08-483865 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*        (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Fleet Management Ltd.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Marty Gish c/o Ace Messenger and Attorney Service, Inc.
  b. Address: 149 Ninth Street, Ste. #204, San Francisco, CA 94103
  c. Telephone number: (415) 556-1000
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 6, 2009

Marty Gish
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)* ◀
(SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| OFFICE OF THE CALIFORNIA ATTORNEY GENERAL<br>Kevin D. Lesh (SBN 226698)<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br>  TELEPHONE NO.: (415) 703-5607   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*: People of the State of California | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco |
|---|
| STREET ADDRESS  400 McCallister Street |
| MAILING ADDRESS |
| CITY AND ZIP CODE  San Francisco, CA 94102 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER<br>CGC 08-483865 |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | |
| PROOF OF SERVICE OF SUMMONS | Ref No. or File No.:<br>625199 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Related Case, Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*

   Synergy Marine Ltd.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Joe Walsh, Esq., Counsel, Authorized to Accept Service of Process

4. Address where the party was served:
   450 Pacific Ave., San Francisco, CA 94133

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3/5/09        (2) at *(time):* 4:40 p.m.
   b. ☐ **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*            or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10<br>
American LegalNet, Inc.<br>
www.FormsWorkflow.com

 

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | CGC 08-483865 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Synergy Marine Ltd.
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                              ☐ other:

7. **Person who served papers**
  a. Name: Marty Gish c/o Ace Messenger and Attorney Service, Inc.
  b. Address: 149 Ninth Street, Ste. #204, San Francisco, CA 94103
  c. Telephone number: (415) 556-1000
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 6, 2009

Marty Gish                    ▶ *(signature)*
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 [Rev January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>OFFICE OF THE CALIFORNIA ATTORNEY GENERAL<br>Kevin D. Lesh (SBN 226698)<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br>TELEPHONE NO: (415) 703-5607    FAX NO (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): People of the State of California | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS   400 McCallister Street
MAILING ADDRESS
CITY AND ZIP CODE   San Francisco, CA 94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER:<br>CGC 08-483865 |
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>625207 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑  summons
   b. ☑  complaint
   c. ☑  Alternative Dispute Resolution (ADR) package
   d. ☑  Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐  cross-complaint
   f. ☑  other *(specify documents):* Notice of Related Case, Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      Synergy Management Services

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Joe Walsh, Esq., Counsel, Authorized to Accept Service of Process

4. Address where the party was served:
   450 Pacific Ave., San Francisco, CA 94133
5. I served the party *(check proper box)*
   a. ☑  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3/5/09    (2) at *(time):* 4:40 p.m.
   b. ☐  by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐  a declaration of mailing is attached.

      (5) ☐  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2



| | |
|---|---|
| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | CGC 08-483865 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

 (1) on *(date):*        (2) from *(city):*

 (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

 (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

 d. ☐ **by other means** *(specify means of service and authorizing code section):*

 ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
 a. ☐ as an individual defendant.
 b. ☐ as the person sued under the fictitious name of *(specify):*
 c. ☐ as occupant.
 d. ☑ On behalf of *(specify):* Synergy Management Systems
 under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
 a. Name: Marty Gish c/o Ace Messenger and Attorney Service, Inc.
 b. Address: 149 Ninth Street, Ste. #204, San Francisco, CA 94103
 c. Telephone number: (415) 556-1000
 d. The fee for service was: $
 e. I am:
 (1) ☑ not a registered California process server.
 (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
 (3) ☐ a registered California process server:
 (i) ☐ owner ☐ employee ☐ independent contractor.
 (ii) Registration No.:
 (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

 **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 6, 2009

Marty Gish
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

*People of the State of California, et al. v. Regal Stone Ltd., et al.*
USDC – Northern District of California Case No. CV 09 1469 SBA

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

# EXHIBIT 2

03/09/2009  15:24   7137791__5                    LONE STAR                        PAGE  01/02

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, State Bar number, and address)*:<br>**OFFICE OF THE CALIFORNIA ATTORNEY GENERAL**<br>– Kevin D. Lesh (SBN 226698)<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br>TELEPHONE NO.: (415) 703-5607    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: People of the State of California | FOR COURT USE ONLY<br><br>F I L E D<br>San Francisco County Superior Court<br>MAR - 9 2009<br>GORDON PARK-LI, Clerk<br>BY:_____ Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER:<br>CGC 08-483865 |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanjin | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>625437 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*:  Notice of Related Case, Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served)*:
      Hanjin Shipping Co. Ltd.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      D.J YI, Authorized Agent to Accept Service of Process

4. Address where the party was served:
   9821 Katy Freeway Suite 350, Houston, TX 77024

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: 3/6/09      (2) at *(time)*:  4:00 p.m.
   b. ☐ by substituted service. On *(date)*:                at *(time)*:        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                from *(city)*:              or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.Form-Workflow.com

*(left margin, stylized)* ORIGINAL VIA FAX

EXHIBIT  2

03/09/2009  15:24  7137715 55        LONE STAR              PAGE  02/02

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | CGC 08-483865 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

  (1) on *(date):*                    (2) from *(city):*

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

  (4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

  d. ☐ by other means *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  Hanjin Shipping Co. Ltd.
     under the following Code of Civil Procedure section:

  ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
  ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
  ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
  ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
  ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                                   ☐ other:

7. Person who served papers
  a. Name: Marcos Lardizabal c/o Lone Star Attorney Service
  b. Address: 6065 Hillcroft Suite #406, Houston, TX 77081
  c. Telephone number: (713) 779-1400
  d. The fee for service was: $
  e. I am:
     (1) ☑ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☐ a registered California process server:
        (i) ☐ owner  ☐ employee  ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 9, 2009

Marcos Lardizabal
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

*People of the State of California, et al. v. Regal Stone Ltd., et al.*
USDC – Northern District of California Case No. CV 09 1469 SBA

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

# EXHIBIT 3

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **OFFICE OF THE CALIFORNIA ATTORNEY GENERAL** Kevin D. Lesh (SBN 226698) 455 Golden Gate Ave., Suite 11000 San Francisco, CA 94102 TELEPHONE NO.: (415) 703-5607   FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): People of the State of California | F I L E D San Francisco County MAR 6 2009 GORDON PARK-LI, Clerk BY: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS   400 McCallister Street
MAILING ADDRESS:
CITY AND ZIP CODE:   San Francisco, CA 94102
BRANCH NAME:

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | CGC 08-483865 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 625320 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Related Case, Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      John J. Cota

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   450 Golden Gate Ave., San Francisco 94102

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party **(1)** on *(date):* 3/6/09          **(2)** at *(time):* 11:26 a.m.
   b. [ ] **by substituted service. On** *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT  3

ORIGINAL

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: Regal Stone Ltd.; Fleet Management Ltd.; Hanji | CGC 08-483865 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                   (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
   under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                     ☐ other:

7.  **Person who served papers**
   a. Name: Melvin Moses c/o Ace Messenger and Attorney Service, Inc.
   b. Address: 149 Ninth Street, Ste. #204, San Francisco, CA 94103
   c. Telephone number: (415) 556-1000
   d. The fee for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
         (i) ☐ owner ☑ employee ☐ independent contractor.
         (ii) Registration No.: 1039
         (iii) County: Alameda

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 6, 2009

Melvin Moses
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*(signature)*

POS-010 [Rev. January 1, 2007]            **PROOF OF SERVICE OF SUMMONS**

*People of the State of California, et al. v. Regal Stone Ltd., et al.*
USDC – Northern District of California Case No. CV 09 1469 SBA

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

# EXHIBIT 4

1  Erich P. Wise/State Bar No. 63219
   Aleksandrs E. Drumalds/State Bar No. 237101
2  FLYNN, DELICH & WISE LLP
   One World Trade Center, Suite 1800
3  Long Beach, California 90831-1800
   Telephone: (562) 435-2626
4  Facsimile:  (562) 437-7555

5  James B. Nebel/State Bar No. 69626
   Conte C. Cicala/State Bar No. 173554
6  FLYNN, DELICH & WISE LLP
   One California Street, Suite 350
7  San Francisco, California
   Telephone:  (415) 693-5566
8  Facsimile:   (415) 693-0410

9  Attorneys for Defendant
   HANJIN SHIPPING CO., LTD.

10

11                  UNITED STATES DISTRICT COURT

12            THE NORTHERN DISTRICT OF CALIFORNIA

13  PEOPLE OF THE STATE OF          ) CASE NO.:
14  CALIFORNIA *ex rel.*            )
    DEPARTMENT OF FISH AND          )
15  GAME; PEOPLE OF THE STATE       ) DEFENDANT HANJIN SHIPPING
    OF CALIFORNIA *ex rel.*         ) CO., LTD.'S JOINDER IN NOTICE
16                                  ) OF REMOVAL OF ACTION
    CALIFORNIA REGIONAL WATER       )
17  QUALITY CONTROL BOARD,          )
18  SAN FRANCISCO BAY REGION;       )
    AND PEOPLE OF THE STATE OF      )
19  CALIFORNIA *ex rel.* STATE      )
20  LANDS COMMISSION,               )
                                    )
21                                  )
            Plaintiffs,             )
22                                  )
        vs.                         )
23                                  )
                                    )
24  REGAL STONE LTD.; FLEET         )
    MANAGEMENT LTD.; HANJIN         )
25  SHIPPING CO., LTD.; SYNERGY     )
    MANAGEMENT SERVICES;            )
26  SYNERGY MARINE LTD.; JOHN J.    )
27  COTA, AN INDIVIDUAL; AND
28  DOES 1 THROUGH 100,

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

EXHIBIT  4

- 1 -

1  Defendants.

2  _____

3      Defendant HANJIN SHIPPING CO., LTD. hereby joins in Defendant

4  REGAL STONE, LTD.'s Notice of Removal to this Court of the Superior Court

5

6  of the State of California for County of San Francisco action, Case No. CGC 09-

7  483865, described in the said Notice of Removal.

8

9  Dated: March 31, 2009                    FLYNN, DELICH & WISE LLP

10

11                                          By: _____

12                                              Erich P. Wise
                                                James B. Nebel
13                                              Conte C. Cicala
                                                Aleksandrs E. Drumalds
14                                              Attorneys for Defendant
15                                              HANJIN SHIPPING CO., LTD.

16

17

18

19

20

21

22

23

24

25

26

27

28

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

DEFENDANT HANJIN SHIPPING CO., LTD.'S JOINDER IN NOTICE OF REMOVAL OF ACTION

*People of the State of California, et al. v. Regal Stone Ltd., et al.*
USDC – Northern District of California Case No. CV 09 1469 SBA

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

# EXHIBIT 5

1  WALTER G. COPPENRATH, JR. (State Bar No. 81691)
2  PHILLIP S. DALTON (State Bar No. 65576)
   GEORGE M. JONES (State Bar No. 160227)
3  **COPPENRATH & ASSOCIATES LLP**
   E-mail: waltla@aol.com
4  400 Oceangate,  Suite 700
5  Long Beach, California 90802
   Telephone:  (562) 216-2948
6  Facsimile:  (562) 252-1136
7  Attorneys for Defendant
   JOHN J. COTA

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  PEOPLE OF THE STATE OF          ) Case No.:
    CALIFORNIA *ex rel.* DEPARTMENT )
13  OF FISH AND GAME; PEOPLE OF     )
    THE STATE OF CALIFORNIA *ex rel.* ) **JOINDER IN NOTICE OF**
14  CALIFORNIA REGIONAL WATER        ) **REMOVAL OF ACTION**
15  QUALITY CONTROL BOARD, SAN      )
    FRANCISCO BAY REGION; AND       )
16  PEOPLE OF THE STATE OF          )
17  CALIFORNIA *ex rel.* STATE LANDS ) REMOVED FROM:
    COMMISSION,                      ) Superior Court of the State of
18                      Plaintiffs,  ) California, County of San Francisco
19             v.                    ) Civil Case No. CGC-09-483865
                                     )
20  REGAL STONE LTD.; FLEET         )
    MANAGEMENT LTD.; HANJIN         )
21  SHIPPING  CO. LTD.; SYNERGY     )
    MANAGEMENT SERVICES;            ) Complaint Filed: January 7, 2009
22  SYNERGY MARINE LTD.; JOHN J.    )
23  COTA, AN INDIVIDUAL AND         )
    DOES 1 THROUGH 100              )
24                                   )
                                     )
25                     Defendants.   )
26  ─────────────────────────────────)
27

28
───────────────────────────────────────────────────────────

*COPPENRATH & ASSOCIATES LLP*
ATTORNEYS AT LAW
Long Beach, CA

EXHIBIT 5

1    Defendant JOHN J. COTA hereby joins in Defendants REGAL STONE

2  LIMITED, FLEET MANAGEMENT LTD., SYNERGY MANAGEMENT

3  SERVICES and SYNERGY MARINE LTD.'s Notice of Removal of Civil Action

4  to Federal Court of the state court action described in the said Notice of Removal.

5

6  Dated:  March 31, 2009

7                                    **COPPENRATH & ASSOCIATES LLP**

8

9  By _____

10              GEORGE M. JONES
              Attorneys for Defendant JOHN J. COTA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COPPENRATH & ASSOCIATES LLP
ATTORNEYS AT LAW
Long Beach, CA